IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 22, 2009 Session

## WOOTEN TRACTOR CO., INC. v. ARCON OF TENNESSEE, L.L.C., ET AL.

**Direct Appeal from the Circuit Court for Tipton County**
**No. 6350      Joe H. Walker, III, Judge**

---

**No. W2008-01650-COA-R3-CV - Filed May 28, 2009**

---

This appeal arises out of a tractor lease. After lessee failed to make the required monthly payments, lessor filed this action alleging that lessee breached several different contract provisions. The trial court granted summary judgment and awarded lessor the unpaid rentals. Lessee appeals arguing that the trial court erroneously granted summary judgment on grounds which lessor failed to allege in its motion for summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, joined.

Robertson Morrow Leatherman, Memphis, Tennessee, for the Appellants, Arcon of Tennessee, L.L.C. and Whitney Slade.

C. Barry Ward and Whitney Meriwether Harmon, Memphis, Tennessee, for the Appellee, Wooten Tractor Co., Inc.

### OPINION

### Background/Procedural History

In August 2006, Appellants Arcon of Tennessee, LLC and Whitney Slade (together "Arcon" or "Defendants") entered into a contract with Appellee Wooten Tractor Co., Inc. ("Wooten Tractor" or "Wooten") to lease a tractor for twelve months. The contract obligated Defendants to pay Wooten $3,500.00 a month to lease the tractor plus $341.25 per month in tax, with payments totaling $46,095.00 over the twelve-month length of the contract. The rental period commenced on August 23, 2006 and expired on August 23, 2007. Arcon assumed the risk of loss; agreed to keep the tractor in good condition, in operating order, properly serviced, repaired and maintained during the rental

agreement; and was responsible for paying these maintenance costs. The agreement provided in Paragraph 4 that

> [a]ll risk of loss, theft, or damage to the Equipment is assumed by the Lessee, until the Equipment is returned to the Lessor. If the Equipment can be repaired for cost less than its fair market value, Lessee will repair the Equipment at Lessee's sole expense, but damage to the Equipment shall not release Lessee from Lessee's obligations hereunder. If the Equipment cannot be so repaired, or is lost, stolen, or destroyed, Lessee will, at its option, either replace the Equipment at Lessee's sole expense with equivalent equipment of equal or greater value, as determined in the sole discretion of the Lessor or Lessor's assignee or pay Lessor the Value of the Equipment.

The contract also specifically provides that the lessor, Wooten has the right to terminate the lease under any of the following six conditions:

> (a) Lessee fails to pay when due any of Lessee's obligations, or to perform any other obligation of Lessee in the Agreement or in any renewal or refinancing of this Agreement;
> (b) a Lessee dies, ceases to exist, becomes insolvent or the subject of bankruptcy, insolvency, or liquidation proceedings, attempts to assign this Agreement or attempts to remove, sell, transfer, further encumber, part with possession of or sublet any Equipment;
> (c) any warranty or representation made by Lessee to induce Lessor or Lessor's assignee to extend credit to Lessee, under this Agreement or otherwise, is false in any material respect when made or Lessee fails to perform any covenant under this Agreement;
> (d) Lessee fails to maintain applicable required insurance or fails to comply with the requirements necessary to maintain any such insurance;
> (e) any other event occurs that causes Lessor or Lessor's assignee, in good faith, to consider that payment or performance of Lessee's obligations [sic] is impaired or that the Equipment is at risk; or
> (f) the Equipment is impounded or confiscated by any federal, state, or local government authority.

Additionally, the contract contained the following purchase option in Paragraph 3:

> **Purchase Option.** Provided that Lessee is not in default under this Agreement, Lessee may elect to purchase any item of Equipment for its respective Retail Value specified above at any time during the Rental Term or upon the expiration thereof. Lessee may apply to such Retail Value 90% of all rentals paid with respect to such item of Equipment under this Agreement. If Lessee elects to purchase such item of Equipment, Lessee shall (i) execute a purchase order form provided by Lessor and

(ii) pay the remainder of such Retail Value in cash or in some other manner agreed to by Lessor and Lessee in a signed writing.

The parties stipulated in the contract that the retail value of the tractor was $62,500.00. On the same day that the parties signed the contract, Whitney T. Slade ("Slade"), Arcon's manager, executed a written Guarantee of payment of the contract. The total amount of Slade's obligation as stated in the Guarantee was $62,500.00.

After Arcon failed to make the requisite payments, Wooten Tractor initiated this breach of contract action. Wooten attached the sworn affidavit of its manager to its verified complaint.[1] Both the complaint and the affidavit stated that Arcon was indebted to Wooten Tractor pursuant to the lease contract for $49,139.00 plus reasonable attorney fees and costs. Wooten Tractor additionally alleged that Arcon owed $2,526.82 for parts and services on the rented equipment.

On November 7, 2007, Wooten Tractor moved for summary judgment. In its supporting memorandum, Wooten asserted that Arcon was in default of the lease agreement for failure to make all rental payments, failure to keep the equipment in good working order, and failure to return the equipment at the end of the lease period.

In response to Wooten Tractor's motion for summary judgment, Arcon submitted Slade's affidavit. Slade swore to the following:

2. The tractor was not damaged, by anyone from Arcon or otherwise[.]

3. Daily maintenance was performed on the tractor which is the subject of this lawsuit. Nevertheless, in September or October of 2007, while the tractor was being used in connection with a construction project located at the intersection of Walnut Grove and Houston Levee roads, white smoke was coming out of the exhaust of the tractor. The oil filter was removed and examined and metal shavings were found therein.

4. A mechanic from Cummins Mid-South advised that the engine needs to be repaired.

Arcon also responded to Wooten's Statement of Undisputed Facts. Arcon "[a]dmitted that [it] has not made all lease payments. [It] asserts that the failure of the engine notwithstanding proper maintenance entitled it to stop payments or, in the alternative, excuses [sic] its default. Arcon has made lease payments. See, Complaint, ¶ 11." Paragraph 11 of the complaint stated that "[a]fter

---

[1]A verified complaint has the force and effect of an affidavit. *Muse v. First People's Bank of Tenn.*, No. E2005-02869-COA-R3-CV, 2007 WL 845893, at *7 (Tenn. Ct. App. Mar. 21, 2007) (*no perm. app. filed*); *Knight v. Hosp. Corp. of Am.*, No. 01A01-9509-CV-00408, 1997 WL 5161, at *4 n. 4 (Tenn. Ct. App. Jan. 8, 1997).

providing all just credits to the Defendants, including payments made, the amount due and owing by the Defendants to the Plaintiff is $49,139.00." Arcon also admitted that the tractor had not been returned because the engine does not work.[2]

The trial court entered an order on March 31, 2008, granting Wooten's motion for summary judgment. The trial court held that Arcon was in default of the contract and that Wooten was entitled to all unpaid rental, plus all reasonable expenses incurred. The trial court found that Arcon owed Wooten Tractor $49,139.00 for rental payments and tax. The trial court explained that "Defendant[s] [maintain their] intent to purchase the equipment. However, paragraph 3 of the agreement provides that Lessee may elect to purchase the equipment, providing that Lessee is not in default. Lessee has lost the option to purchase being in default."

Defendants filed a Motion to Alter or Amend which was denied. Defendants filed a timely notice of appeal.

### *Issues*

The sole issue raised by Arcon and Slade states:

Did the trial court err by granting summary judgment for Wooten Tractor on a basis not sought by Wooten Tractor in its motion for summary judgment.

### *Standard of Review*

We review a trial court's resolution of a motion for summary judgment *de novo* with no presumption of correctness. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008). It is ultimately the moving party's burden to persuade the court that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Id.* (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). "A disputed fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed." *Id. (*quoting *Byrd*, 847 S.W.2d at 215). The moving party may meet this burden by producing evidence or referring to the nonmoving party's previously submitted evidence that either (1) affirmatively negates an essential element of the nonmoving party's claim, or (2) shows that the nonmoving party cannot prove an essential element of the claim at trial. *Id.* (citing *Hannan v. Alltell Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008)). If the moving party sustains its burden, the nonmoving party must produce evidence of specific facts that establish that genuine issues of a material fact exist. *Id.* (citing *Byrd*, 847 S.W.2d at 215). The nonmoving party can meet its burden by 1) pointing to evidence establishing material factual

---

[2]The contract also provided that

Lessee will keep the Equipment in good condition, in operating order, and properly serviced, repaired and maintained. Lessee will make sure that the manufacturer's warranty remains valid. Lessee will pay all the costs of performing these obligations.

disputes that were over-looked or ignored by the moving party; 2) rehabilitating the evidence attacked by the moving party; 3) producing additional evidence establishing the existence of a genuine issue for trial; or 4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06. *McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998).

*Analysis*

On appeal, Arcon argues that the trial court erred by granting summary judgment on different grounds than those upon which Wooten Tractor sought relief. Essentially, Arcon claims that Wooten sought summary judgment for $62,500.00, an amount of damages which Arcon alleges would only be applicable if Wooten had elected to purchase the tractor. Arcon, therefore, concludes that Wooten's motion for summary judgment was to enforce the purchase option against it. Because the trial court granted summary judgment on the basis that Arcon owed Wooten unpaid rental, Arcon claims that it had no notice that it should challenge the amount of rentals that Wooten claimed that Arcon owed.[3]

In support of its argument, Arcon relies heavily on the case of *Bright v. Gue*, No. E2007-00127-COA-R3-CV, 2008 WL 440457, at *9 (Tenn. Ct. App. Feb. 19, 2007) (*no perm. app. filed*). In that case, plaintiff sued a hospital solely alleging that it negligently mishandled his biopsy sample. *Id.* Plaintiff supported this contention with the deposition testimony of himself and his wife. *Id.* The hospital filed a motion for summary judgment on the grounds that 1) it had complied with the standard of care, 2) no act or omission by a hospital employee caused plaintiff's injury, and 3) that plaintiff's claim was barred by the statute of limitations. *Id.* at *8. One of the bases upon which the trial court granted the hospital's motion for summary judgment was that plaintiff had failed to respond to the summary judgment motion with expert testimony, establishing a genuine issue of material fact. *Id.* In support of its motion, the hospital presented the affidavit of a nurse that stated that she was familiar with the recognized standard of hospital care in the local community and she opined that hospital employees complied with that requisite standard of care and that the mishandled biopsy did not cause plaintiff's injury. *Id.* The nurse attested that she based her opinion on review of plaintiff's medical records which were attached to her affidavit. *Id.*

Although the hospital in *Bright* asserted that it was entitled to summary judgment because plaintiff failed to respond to the motion with expert testimony, this Court disagreed. *Id.* at *8–9. Upon reviewing plaintiff's medical records, we determined that the alleged mishandling was not documented in the medical records, and the hospital did not otherwise assert that the affiant-nurse was aware of this alleged mishandling in reaching her conclusions. *Id.* at 9. We found, therefore, that it was improper for the trial court to grant summary judgment on the ground that

---

[3]Arcon alleges in a footnote in its Motion to Alter or Amend that had it known to challenge the amount of rent due, it would have shown that it already paid $31,500.00. Arcon, however, never submitted an affidavit to this effect.

plaintiff neglected to present expert testimony to counter the hospital's assertion that it did not breach the standard of care. *Id.* This Court recognized that plaintiff would need to submit expert testimony to prevail at trial, but we stated that

> [hospital] did not, either in its motion for summary judgment or by subsequent pleading, raise [plaintiff's] failure to support this allegation with expert testimony as a ground for summary judgment, and we do not agree that the obligation to present such expert testimony was triggered by [hospital's] motion for summary judgment.

*Id.*

We note foremost that we simply cannot agree with Arcon's characterization of Wooten's motion for summary judgment. Upon thorough review of the record, we do not find that Wooten sought to enforce the lease-purchase agreement; rather, Wooten Tractor argued that there was no genuine issue of material fact that Arcon defaulted on the contract and that Arcon was obligated, therefore, to pay Wooten $62,500.00. Wooten listed five separate reasons why Arcon defaulted on the contract. Among other things, Wooten claimed that Arcon 1) failed to stay current on its rental payments, 2) had either become insolvent or had attempted to remove the Equipment, 3) failed to maintain the Equipment in good condition and repair and not permitted its value to be impaired, 4) failed to maintain the required insurance. In its argument on appeal, Arcon focuses almost exclusively on the fact that Wooten sought $62,500.00 in damages, claiming that "[t]he retail value of the tractor is only used in the event defendants elected to purchase the tractor." Wooten explained, on the other hand, that the $62,500.00 figure simply reflected Arcon's maximum obligation pursuant to the rental agreement and personal guarantee. We note that the contract provided that if the tractor was lost, stolen, damaged, or could not be repaired, Arcon would either replace the tractor with equivalent equipment of equal or greater value or pay Wooten the value of the equipment. Arcon's argument focuses on the relief sought rather than the basis for relief, and we simply cannot agree with Arcon that by simply using this $62,500.00 figure Wooten sought to enforce the lease-purchase option. We find no merit to Arcon's argument that the trial court granted summary judgment on a basis not sought in Wooten Tractor's motion for summary judgment. In reading Wooten's motion for summary judgment, we find that Arcon had more than sufficient notice that Wooten was seeking damages for Arcon's breach of contract.

On that basis, we think this case is distinguishable from *Bright*. In *Bright*, the court found that the trial court granted summary judgment on a ground that the moving party had failed to raise. Based upon our reading of Wooten's motion for summary judgment, however, Plaintiff's argument in this case is not that Wooten failed to assert its grounds for relief; Wooten clearly stated that it was entitled to relief because Arcon breached the contract by failing to pay the monthly lease for the tractor. Rather, we perceive Arcon's real contention to be that Wooten failed to specify the precise amount of damages to which it is entitled for unpaid rentals. The only specific damages that Wooten asserted in its motion for summary judgment was $62,500.00 for the value of the tractor. Arcon,

therefore, submitted an affidavit that the equipment was not "damaged" so as to create a question of material fact whether Wooten was entitled under Paragraph 4 to the full value of the tractor.

A plaintiff who alleges breach of contract must prove the following three elements: 1) the existence of an enforceable contract, 2) nonperformance amounting to a breach of the contract, and 3) damages caused by the breach of contract. *BankCorp South Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006). As we have already stated, Wooten alleged in its motion for summary judgment that Arcon breached the contract by failing to pay rentals. Wooten presented evidence in its verified complaint that Arcon owed $49,139.00 in damages under the contract.[4] Because Wooten demonstrated that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law, the burden shifted to Arcon to present evidence to establish that genuine issues of material fact existed. Arcon admitted that it failed to make all of the lease payments and failed to submit any proof that it owed less than $49,139.00. We find, therefore, that the there was no genuine issue of material fact that Arcon had breached the parties' contract by failing to make the requisite monthly payments. Nor did Arcon properly raise any genuine issue of material fact that it owed less than $49,130.00 for those payments. We, therefore, affirm the trial court's decision to grant Wooten's motion for summary judgment.

### *Conclusion*

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to the Appellants, Arcon of Tennessee, LLC and Whitney Slade.

 

DAVID R. FARMER, JUDGE

---

[4]Wooten asserts in the verified complaint that it provided all just credits, including payments made, to Arcon in calculating that Arcon owes $49,139.00.